```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE
```

Judith C. Halliday,
        Plaintiff

        v.

United States of America, and
Done Right Building Services, Inc.,
        Defendants
                                        Case No. 10-cv-535-SM
                                        Opinion No. 2012 DNH 123

United States of America,
        Cross-Claimant

        v.

Done Right Building Services, Inc.,
        Cross-Defendant


                            **O R D E R**


        This is a premises liability case involving a slip and fall with resulting injuries that occurred on federal property. Plaintiff alleges that she slipped on a wet floor in a post office located in the T. J. McIntyre Federal Building in Portsmouth, New Hampshire. She says the wet floor posed a hazard, rendering the premises unsafe, and claims the owner knew or should have known of the hazard and remedied it, as well as warned of its existence. Because the hazardous condition was neither remedied nor warned against, and she was injured when she slipped on the wet floor, she seeks damages against the United States (as owner) and Done Right Building Services, Inc. ("Done Right"), an independent contractor to whom the government fully

delegated maintenance and safety responsibilities with respect to the premises.

Previously, the court denied the government's motion to dismiss the plaintiff's Federal Tort Claims Act cause of action on grounds that the complaint, construed favorably to plaintiff, asserted independent claims of government-employee negligence.[1] Discovery is complete and both the government and Done Right move for summary judgment.

The government points out, without contest, that by contract it delegated all premises maintenance and safety obligations to Done Right, and so cannot be held liable, vicariously or otherwise, for injuries resulting from the failure to properly maintain the premises in a safe and reasonable manner.  In other words, it says that plaintiff's slip and fall, if due to the negligence of anyone, was due to the negligence of its independent contractor.  Accordingly, invoking both the familiar independent contractor defense and the discretionary function exception, the government says it is immune from FTCA liability

---

[1] "Plainly, the United States is not liable for the acts or omissions of its independent contractor (improper maintenance, etc.), and it may be that plaintiff's independent claims of negligence against federal employees will prove fatally weak, but at this stage, the complaint does purport to assert negligence claims against federal employees distinct from those asserted against the independent contractor.  See, e.g., Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961 (D.R.I. 1997).  Order, May 6, 2011, doc. no. 12."

in this case.  See United States v. Orleans, 425 U.S. 807, 815 (1976); Wood v. United States, 290 F.3d 29, 36 n.4 (1st Cir. 2002); Carroll v. United States, 661 F.3d 87 (1st Cir. 2011). Plaintiff has produced no evidence, nor has she advanced any pertinent argument sufficient to establish the breach of a duty owed her by any government employee distinct from the delegated premises maintenance and safety responsibilities.

Accordingly, substantially for the reasons given in the government's supporting memorandum of law, and as fully explained in Carroll, supra, plaintiff's Federal Tort Claims Act cause of action is dismissed as barred by the independent contractor defense and the discretionary function exception.

### Done Right's Motion

Little discussion is required with respect to Done Right's motion for summary judgment for this is a straightforward case of summary judgment being unavailable due to the existence of genuine disputes as to material facts.  Plaintiff has proffered admissible evidence from which a finder of fact could supportably determine that:  The post office floor posed a serious hazard to her in that it was wet and slippery; that it had been in that condition for some time; that it had also been in that condition in the recent past, which resulted in other patrons slipping and falling - thus putting Done Right on notice of a continuing risk

of injury; that the cause of the wet floor was a known periodic leak from an air conditioning unit; and that plaintiff slipped on the wet floor, fell, and fractured her ankle, resulting in physical injury, pain, suffering, and economic loss.

That Done Right challenges the precise location of the slip (on an allegedly dry area of the floor) and fall (onto the wet area) does little to undermine the sufficiency of plaintiff's evidence to withstand summary judgment. Construing the record in plaintiff's favor, the party opposing summary judgment, it is plain that a fact finder could return a supportable verdict for her.

## Conclusion

The government's motion for summary judgment (document no. 28) is granted. Done Right's motion for summary judgment (document no. 26) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 13, 2012

cc: John K. Bosen, Esq.
    David J. Donovan, Esq.
    Robert J. Rabuck, AUSA